**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| Emilio R. | |
| Petitioner, | |
| v. | **ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS** |
| Todd Blanche, Acting Attorney General, et al., | Civil File No. 26-02147 (MJD/ECW) |
| Respondents | |

Nicholas Ratkowski, Ratkowski Law PLLC, Counsel for Petitioner.

David W. Fuller, Joshua Sweeney, Assistant United States Attorneys, Counsel for Respondents.

This matter is before the Court on Petitioner Emilo R.'s Emergency Petition for Writ of Habeas Corpus.  (Doc. 1 ("Pet.").)  Petitioner claims he is currently unlawfully detained in violation of the law.

## I.    FACTS

This is Petitioner's second petition for writ of habeas corpus.  (See Civil Case No. 26-105 (MJD/ECW).)  This petition is based on the same operative facts of that case, in which the Court adopted the R&R of the Honorable Elizabeth Cowan Wright.  (Id. at Docs. 8, 10.)  The following facts are taken from Magistrate Judge Cowan Wright's R&R.

1

> Petitioner is a citizen of Mexico who has resided in the United States for more than 20 years.  According to Respondents, Petitioner was twice encountered by U.S. Border Patrol in the United States in 2003 and granted voluntary return to Mexico on both occasions.  According to Respondents, Petitioner "entered the United States without inspection or parole."  ICE arrested Petitioner as part of "Operation Metro Surge" on January 8, 2026.

(Id., Doc. 8 at 2.)  Adopting the R&R, the Court found that Petitioner was being detained under 8 U.S.C. § 1226(a) and ordered Respondents to hold a bond hearing before an immigration judge in Minnesota.  (Id., Doc. 10 at 2.)

On January 29, 2026, an immigration judge held a bond hearing and denied Petitioner bond on the basis of public safety with no further explanation.  (Id., Doc. 13.)  On February 5, 2026, the Court ordered Petitioner released from custody.  (Id., Doc. 14.)  On February 6, 2026, Respondents informed the Court of the following information:

> On January 29, 2026, Petitioner had a bond hearing where his bond request was denied because Petitioner had an active warrant from the Minneapolis Police Department for a hit and run that occurred in 2006. Additionally, he provided the police with a false name and date of birth. Consequently, the Immigration Judge found that he was a flight risk. Further, the Immigration Judge found that Petitioner was twice returned to Mexico at the U.S./Mexico border in 2003 and was charged on January 8, 2026 with misdemeanor illegal re-entry. Therefore, the Immigration Judge found Petitioner to be a danger and denied bond.

(Id., Doc. 17 at 2.)  Knowing this information, on February 7, 2026, the Court vacated its order docketed at ECF No. 14 in part as to Petitioner's immediate release from custody and ordered Petitioner to remain in custody "as ordered by the immigration judge because he is a danger to the community."  (Id. at 2-3.)

## II.   DISCUSSION

In this second petition for writ of habeas corpus, Petitioner argues that Respondents arrested him without probable cause and that his continued detention serves no legitimate purpose.  (Pet. ¶¶ 7-8.)  He claims he is entitled to relief under the Immigration and Nationality Act; the Fifth Amendment; the Accardi doctrine; and the APA.  (Id. ¶¶ 71-88.)  He seeks a declaratory judgment that he is being unlawfully detained pursuant to 8 U.S.C. § 1226(a)(1) and either immediate release or a bond redetermination hearing.  (Id. ¶¶ 68-70; at 22.)

The Court will deny this petition.  Even if the Court were to find that Petitioner was the prevailing party on every one of his claims, the most relief the Court would order would be the same bond hearing the Court already ordered. However, given that there has been no change to his criminal history, the Court still finds, and the Court presumes the immigration court would find, Petitioner a danger to the community.  See Biyde v. Blanche, et al., Civil No. 26-01800

(SHL/SGE), Doc. No. 8 (dismissing petition because "regardless of the authority on which he relie[d]—the INA, due process clause, APA, or Fourth Amendment—Petitioner ha[d] received the process to which he is entitled" when he had a bond hearing before an immigration judge and was denied bond).

Accordingly, based upon the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Petitioner's Petition for Writ of Habeas Corpus **[Doc. 1]** is **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  April 23, 2026          s/Michael J. Davis
                                Michael J. Davis
                                United States District Court

4